IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DANIEL M. KEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No.  06-4068-JPG |
| | ) | |
| ILLINOIS STATE POLICE, SAM NOLEN, | ) | |
| GEORGE MURPHY, DANIEL KENT, | ) | |
| CHARLES E. BRUEGGEMANN, PHIL | ) | |
| SYLVESTER, THOMAS STEHLEY, TERI | ) | |
| CAMPBELL, and JOHN REDNOUR, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS

### I.  INTRODUCTION

Plaintiff, a former employee of the Department of State Police of the State of Illinois has brought this action against various police officials claiming that their wrongful conduct lead to his termination from his position with the State Police in 2001.  In Count IX plaintiff brings a claim against the State Police as an entity.  In that count, plaintiff claims that the Department breached a collective bargaining agreement.

### II.  ARGUMENT

**A.      THE STATE OF ILLINOIS IS IMMUNE FROM SUIT ON COUNT IX OF PLAINTIFF'S COMPLAINT**

In Count IX of his complaint plaintiff purports to bring a claim against the Department of State Police of the State of Illinois under the Court of Claims Act (705 ILCS 505/1 *et seq.*).  Plaintiff purports to state a cause of action for breach of a collective bargaining agreement between the State and Troopers Lodge 41.

The eleventh amendment to the Constitution of the United States provides, "The

judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State . . ."  Plaintiff is a citizen of Iowa and the claim against the State of Illinois falls directly within the prohibition of the eleventh amendment.[1]  This provision bars suits against a state, no matter what relief is sought.  *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985).

There are three exceptions to eleventh amendment immunity: (1) Congress has abrogated the immunity; (2) a state has consented to suit in federal court; and (3) the suit seeks prospective injunctive relief pursuant to the principles set out in *Ex parte Young*, 209 U.S. 123 (1908); *Sonnleitner v. York*, 304 F.3d 704, 717 (7th Cir. 2002).

Plaintiff brings Count IX pursuant to the laws of the State of Illinois, so there is no question of congressional abrogation of eleventh amendment immunity.  The statute plaintiff relies upon for authority to bring this action, the Court of Claims Act, has no waiver of eleventh amendment immunity.  705 ILCS 505/1 *et seq.*  In fact, §8(b) of the Act provides that the Court of Claims shall have exclusive jurisdiction over all claims based upon a contract entered into with the State of Illinois.  705 ILCS 505/8(b).  The third exception has no application here, since plaintiff has brought Count IX against the State in its own name.  *Ex parte Young*, 209 U.S. 123 (1908); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985).

Since none of the exceptions to eleventh amendment immunity apply, the claims in Count IX are barred by the state's sovereign immunity and should be dismissed.

---

[1] The result would not be different, if plaintiff were a citizen of the State of Illinois. *Hans v. Louisiana*, 134 U.S. 1 (1890).

**B.     COUNTS I THROUGH VIII ARE BARRED BY THE STATUTE OF LIMITATIONS**

Plaintiff filed his complaint on March 27, 2006, nearly five years after the date plaintiff claims that he was discharged from the State Police.  All of the claims in Counts I through VIII of the complaint relate to events which occurred while plaintiff was employed by the State Police or during plaintiff's disciplinary hearing with the Illinois State Police Merit Board.  Plaintiff claims that on July 13, 2000, he was suspended pending discharge and he was discharged June 13, 2001.  Complaint, ¶35.  All proceedings in the Merit Board were completed before July 3, 2001, the date plaintiff filed for administrative review of the Merit Board decision.  Complaint, ¶42.

Plaintiff has brought his claims pursuant to 42 U.S.C. §1983 and §1985.[2]  The statute of limitations for actions brought under 42 U.S.C. §1983 and 42 U.S.C. §1985 is the state personal injury period in the state where the violations allegedly took place.  *Wilson v. Garcia*, 471 U.S. 261 (1985); *Hoagland v. Town of Clear Lake, Indiana*, 415 F.3d 693, 699-700 (7th Cir. 2005).  In Illinois a two year statute of limitations applies to actions under 42 U.S.C. §1983 and 42 U.S.C. §1985.  *Manley v. City of Chicago*, 236 F.3d 392, 395 (7th Cir. 2001); *Williams v. Heavener*, 217 F.3d 529, 531 (7th Cir. 2000).

The general rule is that the statute of limitations accrues when plaintiff has knowledge that he has been injured and who caused the injury.  *Barry Aviation v. Land*

_____

[2]Plaintiff expressly pleads that the defendants were each acting to retaliate against him for seeking an administrative hearing.  Complaint, ¶34.  He pleads that each defendant was retaliating for the events described in his complaint.  Complaint, ¶¶46, 51, 56, 61, 66, 71, 76, 81.  Nothing suggests that plaintiff has a claim under 42 U.S.C. §1985.  In any event, the limitations period for 42 U.S.C. §1983 and 42 U.S.C. §1985 are the same.  *Hoagland v. Town of Clear Lake*, 415 F.3d 693, 699-700 (7th Cir. 2005).

3

*O'Lakes Municipal Airport Commission*, 377 F.3d 682, 688 (7th Cir. 2004).  Under this principle, the statute of limitations begins to run when an employee is notified of the wrongful discharge not the date he was actually terminated.  *Sherwin Manor Nursing Center v. McAuliffe*, 37 F.3d 1216, 1220 n.5 (7th Cir. 1995).  The statute of limitations, thus, began to run on July 13, 2000, when plaintiff was notified that charges were being brought seeking his discharge.  This was over five and one half years before the complaint was filed.  While some of plaintiff's claims concern events which occurred during the Merit Board hearing, those events occurred at least four and one half years before the complaint was filed.

A litigant need not plead in his complaint everything he needs to win at trial, but may plead himself out of court if he pleads facts that defeat recovery. *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005).  When plaintiff pleads facts on the face of the complaint which show that the statute of limitations has run, the Court may decide the issue on a motion to dismiss even though the statute of limitations is an affirmative defense.  *Barry Aviation, Inc.*, 377 F.3d at 688.

In the present case, the facts pleaded in plaintiff's complaint show that the statute of limitations expired long before plaintiff brought his complaint.  Accordingly, Counts I through VIII should be dismissed as time barred.

### III.  CONCLUSION

Counts I through VIII are time barred.  Count IX is barred by the eleventh amendment to the Constitution of the United States.  Plaintiff's complaint should be dismissed.

WHEREFORE, for the above and foregoing reasons, defendants respectfully request that this honorable Court dismiss plaintiff's complaint.

Respectfully submitted,

ILLINOIS STATE POLICE, SAM NOLEN, PHILLIP SYLVESTER, GEORGE MURPHY, DANIEL KENT, CHARLES E. BRUEGGEMANN, THOMAS STEHLEY, TERRY CAMPBELL, and JOHN REDNOUR,

Defendants,

LISA MADIGAN, Attorney General, State of Illinois,

Attorney for Defendants,

Terence J. Corrigan, #06191237
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
217/782-5819                                   BY: /s/Terence J. Corrigan_____
                                                          Terence J. Corrigan
         Of Counsel.                                Assistant Attorney General

**Certificate of Service**

I hereby certify that on May 1, 2006, I presented the foregoing Defendants' Memorandum of Law in Support of Motion to Dismiss  to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

Timothy S. White
w&j@wjpc.com

and I hereby certify that on May 1, 2006, I have mailed by United States Postal Service, the document to the following non-registered participant:

None

Respectfully submitted,

 /s/Terence J. Corrigan
Terence J. Corrigan, #6191237
Assistant Attorney General
Attorney for Defendant(s)
Office of the Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-5819
Facsimile:  (217) 524-5091
tcorrigan@atg.state.il.us