UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAN M. KEY,

        Plaintiff,

      v.

ILLINOIS DEPARTMENT OF STATE
POLICE, SAM NOLEN, GEORGE
MURPHY, DANIEL KENT, CHARLES
BRUEGGEMANN, PHIL SYLVESTER,
THOMAS STEHLEY, TERI CAMPBELL
and JOHN REDNOUR,

        Defendants.

Case No. 06-cv-4068-JPG

**MEMORANDUM AND ORDER**

      This matter comes before the Court on the defendants' motion to dismiss pursuant to

Federal Rule of Civil Procedure 12(b)(6) (Doc. 3).  Plaintiff Daniel M. Key ("Key") has

responded to the motion (Doc. 6), and the defendants have replied to that response (Doc. 9).

**I.     Standard for Dismissal**

      When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations as

true and draws all reasonable inferences in favor of the plaintiff.  *Brown v. Budz*, 398 F.3d 904,

908 (7th Cir. 2005);  *Holman v. Indiana*, 211 F.3d 399, 402 (7th Cir. 2000).  The Court should

not grant a motion to dismiss unless it appears beyond doubt that the plaintiff cannot prove his

claim under any set of facts consistent with the complaint.  *Brown*, 398 F.3d at 908-09;  *Holman*,

211 F.3d at 405.  "[I]f it is possible to hypothesize a set of facts, consistent with the complaint,

that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate."  *Brown*,

398 F.3d at 909 (internal quotations omitted);  *see Kolupa v. Roselle Park Dist.*, 438 F.3d 713,

715 (7th Cir. 2006).

Although liberal federal notice pleading standards ensure that even vague, non-detailed complaints can survive a motion to dismiss, they will not prevent dismissal of complaints that plead too much.  A case can be dismissed because a complaint pleads facts establishing that the defendant is entitled to prevail.  *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998);  *Soo Line R. Co. v. St. Louis S.W. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997).  For example, "[t]he statute of limitations issue may be resolved definitively on the face of the complaint when the plaintiff pleads too much and admits definitively that the applicable limitations period has expired." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 688 (7th Cir. 2004).  The defendants believe Key has pled himself out of court in this case.

II.     **Facts**

The Complaint in this case alleges essentially the following.

Key began working for the defendant Illinois Department of State Police ("ISP") in December 1985.  As an ISP employee, he was able to be discharged only for cause.  A few years later, he began working as a special agent in the narcotics division.  ISP policy provided that such an assignment could not last more than six years due the stressful working environment, but Key's assignment lasted longer than six years.  The ISP refused to transfer him out of the division and covered up his impermissibly long assignment by forging transfer requests, preparing false documents indicating his assignment had been changed, and denying or ignoring his legitimate transfer requests.

In the meantime, the ISP began investigating a bankruptcy petition filed by Key in December 1998 and allegations that he misused funds earmarked for use in narcotics investigations.  During these investigations, the ISP reassigned Key to a desk job with less prestige than his former position and where his office was in a windowless storage closet.  It also

improperly shared his confidential medical information and issued him false negative performance ratings and counseling statements relating to alleged misconduct.

On July 12, 2000, the ISP falsely charged Key with improprieties relating to his bankruptcy and his alleged misuse of funds.  Key refused to admit to the charges and instead asked for an administrative hearing before the ISP Merit Board.  The following day the ISP suspended Key without pay.  It then attempted to influence or retaliate against Key's witnesses at the hearing and conducted improper *ex parte* communications with the Merit Board.

On June 13, 2001, the ISP fired Key, presumably because it had found him guilty of some or all of the improprieties of which he was falsely accused.  Key then filed a complaint for judicial review of the administrative action.  A review hearing was held, and on November 29, 2005, Key's appeal was denied.

Key filed this case on March 27, 2006, alleging claims under 42 U.S.C. §§ 1983, 1985 and 1988 against ISP Director Sam Nolen, ISP Deputy Director of Internal Investigations George Murphy, ISP Deputy Director of Operations Daniel Kent, ISP Lieutenant Colonel Charles Brueggemann, ISP Captain Phil Sylvester, ISP Master Sergeant Thomas Stehley, ISP Sergeant Teri Campbell, and ISP Merit Board member John Rednour (collectively, "the individual defendants") for violation of his First and Fourteenth Amendment rights (Counts I through VIII).  The Complaint also contains a claim against the ISP for breach of the collective bargaining agreement that governed Key's employment (Count IX).

The ISP asks the Court to dismiss Count IX on the grounds that it is immune from such a suit under the doctrine of sovereign immunity as expressed by the Eleventh Amendment.  The individual defendants ask the Court to dismiss Counts I through VIII on the grounds that the statute of limitations for Key's § 1983 claims has run.

III.     **Analysis**

A.     <u>Sovereign Immunity/Eleventh Amendment</u>

By virtue of its sovereign immunity as an arm of the State of Illinois, the ISP is immune from suit with respect to Count IX.  A state's immunity from suit is a fundamental aspect of its sovereignty.  *Northern Ins. Co. of N.Y. v. Chatham Co., Ga.*, 126 S. Ct. 1689, 1693 (2006); *Alden v. Maine*, 527 U.S. 706, 713 (1999).  This immunity is recognized in the Eleventh Amendment, which provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. am. 11; *see Alden*, 527 U.S. at 713.  State sovereignty also bars federal courts from hearing suits against a state or arms of the state brought by one of its own citizens.  *Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001);  *Hans v. Louisiana*, 134 U.S. 1, 21 (1890).  "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."  *Garrett*, 531 U.S. at 363.

Sovereign immunity prevents suits against states or their arms regardless of the relief sought unless:

> (1) "Congress has abrogated the state's immunity from suit through an unequivocal expression of its intent to do so through a valid exercise of its power"; (2) a state "has properly waived its immunity and consented to suit in federal court"; [or] (3) the plaintiff "seek[s] prospective equitable relief for ongoing violations of federal law . . . under the *Ex Parte Young* doctrine."

*Sonnleitner v. York*, 304 F.3d 704, 717 (7th Cir. 2002) (quoting *Marie O. v. Edgar*, 131 F.3d 610, 614-15 (7th Cir. 1997); citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55-56(1996), and *Ex parte Young*, 209 U.S. 123, 159-60 (1908)).

In this case the ISP argues that, as an arm of the State of Illinois, it is immune from Key's

claim for breach of the collective bargaining agreement.  Key, on the other side, argues that

Illinois has waived its sovereign immunity to such claims by enacting the Court of Claims Act,

705 ILCS 505/1 *et seq.*.  He further argues that sovereign immunity does not apply because he

seeks only injunctive relief from the ISP.  Finally, he believes that the Court has supplemental

jurisdiction over this claim under 28 U.S.C. § 1367(a) and diversity jurisdiction under 28 U.S.C.

§ 1332(a).

      The ISP has sovereign immunity from suit with respect to Count IX of Key's Complaint.

Count IX clearly is a claim against an arm of the State of Illinois, and it does not fall within any

of the three exceptions to Illinois's sovereign immunity.  Key has not pointed to any act of

Congress abrogating Illinois's immunity from this type of suit.  Furthermore, the Court of

Claims Act waives Illinois's immunity from certain suits *exclusively in the Court of Claims*, not

in federal court.  *See* 705 ILCS 505/8 ("The court shall have exclusive jurisdiction to hear and

determine the following matters: . . . (b) All claims against the State founded upon any contract

entered into with the State of Illinois.").  Finally, *Ex Parte Young* provides an exception only for

suits against state officials in their official capacities for prospective injunctive relief to enjoin

ongoing violations of the Constitution or federal law.  *Verizon Md., Inc. v. Public Service*

*Comm'n of Md.*, 535 U.S. 635, 645 (2002);  *Ameritech Corp. v. McCann*, 297 F.3d 582, 585-86

(7th Cir. 2002).  In Count IX, Key complains only of past violations, not an ongoing violation of

federal law that would be remedied by prospective injunctive relief.

      For these reasons, the ISP is entitled to sovereign immunity from suit with respect to

Count IX regardless of whether the Court would have supplemental subject matter jurisdiction

over the claim under 28 U.S.C. § 1367, diversity jurisdiction under 28 U.S.C. § 1332 or under

any other grant of federal subject matter jurisdiction.  *See Pennhurst State Sch. & Hosp. v.*

*Halderman*, 465 U.S. 89, 120-21 (1984) (stating "pendent jurisdiction does not permit such an evasion of the immunity guaranteed by the Eleventh Amendment"). Therefore, the Court must dismiss that claim without prejudice to raising it again in an appropriate forum.

       B.       <u>Statute of Limitations</u>

The statute of limitations on Key's claims against the individual defendants had run by the time Key filed this lawsuit in March 2006.

All parties agree that federal civil rights claims arising in Illinois, like Key's, are subject to the state two-year personal injury limitation period under 735 ILCS 5/13-202. *Manley v. City of Chicago*, 236 F.3d 392, 395 (7th Cir. 2001) (§§ 1983 and 1985); *see Wilson v. Garcia*, 471 U.S. 261, 267-68 (1985) (generally, apply statute of limitations of most analogous state law to § 1983 and § 1988 cases). They dispute, however, whether the two-year statute of limitations was tolled by the post-termination judicial review process. The individual defendants argue that the two-year statute of limitations on Key's claims under §§ 1983, 1985 and 1988 had run by the time he filed his Complaint in March 2006 because he filed this lawsuit nearly five years after the ISP terminated his employment on June 13, 2001, and even longer after the other conduct about which he complains. On the other side, Key argues that the statute of limitations was tolled during the time he sought judicial review of his termination, from July 3, 2001, to November 29, 2005. He believes such exhaustion was required by Illinois law.

The first issue when a statute of limitations is in issue is accrual, for that is when the statute of limitations begins to run. Federal law determines when the cause of action accrues, *Lawshe v. Simpson*, 16 F.3d 1475, 1478 (7th Cir. 1994), and under federal law, a cause of action accrues "when the plaintiff knew or should have known that [he] had sustained an injury." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 688 (7th Cir. 2004).

For constitutional violations, the cause of action accrues when the plaintiff knew or should have known that his constitutional rights had been violated. *Lawshe*, 16 F.3d at 1478 (citing *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993)); *see Chardon v. Fernandez*, 454 U.S. 6, 8 (1981) (*per curiam*). Generally, equal protection and retaliation claims accrue when the plaintiff is notified that he will be terminated; procedural due process claims accrue when the plaintiff is actually terminated without due process. *Sherwin Manor Nursing Ctr. v. McAuliffe*, 37 F.3d 1216, 1220 n. 5 (7th Cir. 1994) (citing *Lawshe*, 16 F.3d at 1479-80). "[T]he availability of a state appeals process had no . . . effect on the accrual date" for a § 1983 claim. *Kelly*, 4 F.3d at 512; *accord Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir. 1994).

The facts alleged in the Complaint establish that Key knew or should have known about any unconstitutional conduct of the defendants and his injury therefrom at the latest when he was terminated in June 2001. The kinds of injuries of which Key complains – for example, assignment to a desk job in a closet, suspension without pay and termination – are the kinds of injuries of which Key should be immediately aware. Thus, his cause of action accrued at the latest on June 13, 2001.

The next question in this case is whether the statute of limitations was tolled for any period. State law tolling rules apply because "the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application." *Smith v. City of Chicago Heights*, 951 F.2d 834, 840 (7th Cir. 1992); *accord Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). Illinois tolling rules provide that a statute of limitations is tolled where a "statutory prohibition" prevents filing of the lawsuit. 735 ILCS 5/13-216. Thus, where a statute requires exhaustion of administrative or state court remedies before a suit can be filed, the period during which a plaintiff exhausts his remedies does not count toward the limitation

period.  *See, e.g., Johnson*, 272 F.3d at 521;  *Board of Educ. v. Wolinsky*, 842 F. Supp. 1080,

1085 (N.D. Ill. 1993).  This is so that a plaintiff does not get caught in the "procedural catch-22"

where if he files within the limitations period, his case will be dismissed for failure to exhaust

remedies, but if he waits until he has exhausted his remedies, his case will be dismissed as

beyond the limitations period.  *Johnson*, 272 F.3d at 521.

The Court of Appeals for the Seventh Circuit applied Illinois's tolling rules in *Johnson*,

where it considered the Prison Litigation Reform Act ("PLRA"), which requires a prisoner

plaintiff to exhaust administrative remedies before filing certain § 1983 lawsuits.  *Johnson*, 272

F.3d at 521;  *see* 42 U.S.C. § 1997e(a).  In light of the PLRA's prohibition on filing unexhausted

claims, the *Johnson* court held that "in the ordinary case, a federal court relying on the Illinois

statute of limitations in a § 1983 case must toll the limitations period while a prisoner completes

the administrative grievance process."  *Johnson*, 272 F.3d at 522.  Similarly, the *Wolinsky* court

held that Illinois tolling rules prevented the statute of limitations from running while a plaintiff

exhausted his remedies under the Rehabilitation Act, which, like the PLRA, required exhaustion

of administrative remedies before filing suit.  *Wolinsky*, 842 F. Supp. at 1085.

In the case at bar, Key's statute of limitations was not tolled because there was no

statutory prohibition on filing his § 1983 claims.  No statute requires a non-prisoner plaintiff to

exhaust his administrative or state court remedies before filing a § 1983 suit.  *Behavioral Inst. of

Ind. v. Hobart City of Common Council*, 406 F.3d 926, 931 n. 2 (7th Cir. 2005) (citing *Patsy v.

Bd. of Regents of Fla.*, 457 U.S. 496, 516 (1982)).  Indeed, Key could have filed this lawsuit the

day after he was fired.    Thus, 735 ILCS 5/13-216's provision for tolling where a "statutory

prohibition" prevents filing of the suit does not apply.

Key points to numerous state court decisions requiring exhaustion of administrative

remedies before seeking judicial review of an administrative decision.  The cases he cites, however, are all state court cases, and none of them hold that a plaintiff cannot file a § 1983 case in federal court before exhausting remedies.

He also cites two federal cases that are inapposite.  *Devito v. Chicago Park District*, 1991 WL 60575 (N.D. Ill. Apr. 15, 2001), states, "Where [an adequate state remedy] is available to a plaintiff, s/he must exhaust that course before turning to the federal courts with a constitutional claim," and cites *New Burnham Prairie Homes, Inc. v. Burnham*, 910 F.2d 1474, 1480 (7th Cir. 1990).  However, *Devito* and *New Burnham* addressed the question of whether post-deprivation state remedies provided due process for the deprivation of a property right, not at what point a plaintiff may file a cause of action for a due process violation.

Were exhaustion required by statute, ordered by a court, or mandated by an injunction, Key's argument would have merit, but it is not.  The Court must therefore dismiss his claims as barred by the statute of limitations.

## IV.     Conclusion

For the foregoing reasons, the Court **GRANTS** the defendants' motion to dismiss (Doc. 3), **DISMISSES** Count IX against the ISP **without prejudice**, **DISMISSES** Counts I through VIII against the individual defendants **with prejudice**, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  November 7, 2006**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

9