UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAN M. KEY,<br><br>          Plaintiff,<br><br>     v.<br><br>ILLINOIS DEPARTMENT OF STATE POLICE, SAM NOLEN, GEORGE MURPHY, DANIEL KENT, CHARLES BRUEGGEMANN, PHIL SYLVESTER, THOMAS STEHLEY, TERI CAMPBELL and JOHN REDNOUR,<br><br>          Defendants. | Case No. 06-cv-4068-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Daniel M. Key's ("Key") "Motion for Amendment of Final Judgment and Relief from Judgment" (Doc. 13). The motion is addressed to the Court's November 11, 2006, order (Doc. 11) dismissing Counts I through VIII with prejudice on statute of limitations grounds. The defendants have responded to the motion (Doc. 14), and Key has replied to that response (Doc. 15).

As a preliminary matter, the Court construes the motion as pursuant to Federal Rule of Civil Procedure 59(e). Where a substantive motion for reconsideration is filed within ten days of entry of judgment, the Court will generally construe it as a motion pursuant to Rule 59(e); later motions will be construed as pursuant to Rule 60(b). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992). Furthermore, Key presents no argument that requests relief available only under Rule 60(b). *See Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (approving consideration under Rule 60(b) of motion filed within ten days of judgment where basis for relief was only available under Rule 60(b)).

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington*, 433 F.3d at 546; *Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999). Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

Key has not pointed to any newly discovered evidence, any intervening change in the law or any manifest error of fact made in the Court's order dismissing his claim. Instead, he attempts to argue that the Court made an error of law in finding that Key's statute of limitations began to run, at the latest, when he was terminated. However, his arguments in the pending motion simply repeat the arguments he made in opposing the defendants' motion to dismiss, all of which the Court rejected. For the same reasons the Court rejected the arguments the first time, it rejects them now. Key has said nothing that convinces the Court its earlier decision was wrong, and he is free to appeal that decision if he disagrees with it.

For this reason, the Court **DENIES** Key's Rule 59(e) motion (Doc. 13).

**IT IS SO ORDERED.**
**DATED:  January 11, 2007**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**